FILED
2022 Jan-07 PM 02:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**EASTERN DIVISION**

QUADARRIUS COHILL, )
)
Petitioner, )
)
v. ) Case No.: 1:21-cv-00673-MHH-JHE
)
JIMMY KILGORE, et al., )
)
Respondents. )

**REPORT AND RECOMMENDATION**

Petitioner Quadarrius Cohill ("Cohill"), a person in custody under a judgment of a court of Alabama, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). The petition was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b) for preliminary review. Upon consideration, the undersigned finds the petition is due to be **DISMISSED** because the petitioner's claims are not exhausted.

**I. Background and Procedural History**

Cohill was convicted of Robbery I in the Circuit Court of Talladega County, Alabama, and sentenced to fifteen years imprisonment. (Doc. 7 at 1). On May 25, 2017, Alabama's Board of Pardons and Paroles (the "Board") granted Cohill parole. (Doc. 7-1). In August 2020, Cohill failed to report to his supervising parole officer. (Doc. 7-2). Although he reported on September 1, 2020, he again failed to report in October 2020. (*Id.*). On November 5, 2020, after again failing to contact or locate Cohill, Cohill's parole officer prepared a Report of Parole Violation charging Cohill with absconding. (*Id.*).

On March 15, 2021, Cohill was arrested as a parole violator. (Doc. 7-3 at 2). Cohill received a Notice of Parole Court Hearing to be held on March 24, 2021, along with a copy of the Report of Parole Violation. (*Id.* at 1). Cohill signed the Notice acknowledging receipt of both

documents. (*Id.*). Cohill pleaded guilty at the March 24, 2021 parole hearing, admitting that he had failed to report or contact his parole officer for about four months.[1] (*Id.* at 3-4). The Hearing Officer found Cohill in violation of his parole conditions and recommended his parole be revoked. (*Id.* at 5-6). On April 6, 2021, the Board revoked Cohill's parole. (Doc. 7-4).

On May 6, 2021, Cohill mailed a petition for a writ of certiorari to the Circuit Court of Montgomery County, Alabama, which received it on May 14, 2021. *See* https://v2.alacourt.com, *Cohill v. Alabama Bureau of Pardons and Paroles*, Case No. 03-CV-2021-00261.00.[2] Cohill named the Board as a respondent to that petition. *Id.* The Board moved to dismiss the petition on June 14, 2021. *Id.* at doc. 19. On August 20, 2021, the state court granted the motion and dismissed the petition.[3] *Id.* at doc. 25.

Meanwhile, Cohill mailed the instant habeas petition to this court on May 10, 2021. (Doc. 1). In it, Cohill argues the Board violated Alabama law by revoking his parole as opposed to giving him a "dip" or a "dunk," violated his due process rights in how it conducted the revocation

---

[1] In his petition, Cohill states he pleaded not guilty. (Doc. 1 at 2). There is no apparent explanation for the discrepancy between the petition and the Acceptance of Guilty Plea form that indicates Cohill pleaded guilty at the hearing, (doc. 7-3 at 3-4).

[2] A copy of the case action summary as of July 19, 2021 for this case was attached to the respondents' answer to the petition, (doc. 7-5), but some events referenced in this report and recommendation postdate that version. Federal Rule of Evidence 201(b)(2) permits a court to "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The Eleventh Circuit has recently held that a district court considering a habeas petition may properly take judicial notice of an online state court docket under that Rule. *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 651 (11th Cir. 2020). Therefore, the undersigned takes judicial notice of the records of Cohill's state court proceeding as found on the State of Alabama's Alacourt system. Consistent with the Eleventh Circuit's guidance on best practices when judicially noticing facts under these circumstances, *see id.* at 652-53, the case action summary as of the date of this report and recommendation is attached as an exhibit.

[3] The state court's dismissal order is attached as an exhibit to this report and recommendation.

hearing, and discriminated against him on the basis of race by giving him a harsher punishment than those received by white parolees. (*Id.* at 6-10). On June 11, 2021, the undersigned ordered the respondents to show cause why the petition should not be granted. (Doc. 4). The respondents answered the petition on June 19, 2021. (Doc. 7). The same day, the undersigned entered an order deeming the petition ripe for summary disposition and allowing Cohill twenty-one days to submit a traverse. (Doc. 8). Cohill did not do so. The petition is now ripe for review.

## II. Analysis

The threshold issue in all federal habeas cases is whether the petitioner exhausted all available state court remedies. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Georgalis v. Dixon*, 776 F.2d 261, 262 (11th Cir. 1985); *Walker v. Zant*, 693 F.2d 1087, 1088 (11th Cir. 1982). To properly exhaust a challenge to a parole revocation, "one complete round of review of a parole revocation decision includes: (1) filing a petition for certiorari in state circuit court; (2) appealing the denial of that petition to the Alabama Court of Criminal Appeals; (3) petitioning the Alabama Court of Criminal Appeals for rehearing; and (4) seeking discretionary review in the Alabama Supreme Court." *Dill v. Holt*, 371 F.3d 1301, 1303 (11th Cir. 2004 (cleaned up and citations omitted). "Habeas petitioners generally cannot raise claims in federal court if those claims were not first exhausted in state court." *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005).

At the time he filed this habeas petition, Cohill had mailed a petition for certiorari to the state circuit court, but the state court had not even docketed it, much less ruled upon it. Thus, Cohill did not exhaust his state court remedies before filing this habeas petition. Since Cohill did not file a traverse, he has also provided no explanation for why his claims should be considered

even though they are unexhausted. Accordingly, this petition is due to be dismissed without prejudice.[4]

## III. Recommendation

Based on the foregoing, the undersigned **RECOMMENDS** the petition for a writ of habeas corpus be **DISMISSED WITHOUT PREJUDICE**.

## IV. Notice of Right to Object

A petitioner may file specific written objections to this report and recommendation. The petitioner must file any objections with the Clerk of Court within fourteen (14) calendar days from the date the report and recommendation is entered. Objections should specifically identify all findings of fact and recommendations to which objection is made and the specific basis for objecting. Objections also should specifically identify all claims contained in the petition that the

---

[4] "Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." *Jenkins v. Bullard*, 210 F. App'x 895, 897 (11th Cir. 2006). However, if a claim is unexhausted and it is too late to return to state court to exhaust, the claim is "procedurally defaulted." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001) (citing *Boerckel*, 526 U.S. at 845-47). The state circuit court dismissed Cohill's certiorari petition on August 24, 2021, and he had 42 days after that date to appeal to the Alabama Court of Criminal Appeals. ALA. R. APP. P. 4(a)(1). He did not do so, and thus it appears it is now impossible for him to exhaust his claim through a full round of appellate review.

All that said, because the dismissal of Cohill's state certiorari petition occurred after the respondents filed their answer, they did not raise the procedural bar. The Eleventh Circuit has held it is "fundamentally unfair for a court *sua sponte* to invoke a procedural default without giving the petitioner an opportunity to show cause for the default." *Esslinger v. Davis*, 44 F.3d 1515, 1528 (11th Cir. 1995). *See also Walker v. United States*, No. 17-14701, 2021 WL 3754596, at *4 (11th Cir. Aug. 25, 2021) (noting "some uncertainty in the law as to exactly when it is appropriate for a court to raise the issue [of procedural default] sua sponte."). Therefore, the undersigned declines to recommend the court find Cohill's claims procedurally defaulted.

report and recommendation fails to address. Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

Failing to object to factual and legal conclusions contained in the magistrate judge's findings or recommendations waives the right to challenge on appeal those same conclusions adopted in the district court's order. In the absence of a proper objection, however, the court may review on appeal for plain error the unobjected to factual and legal conclusions if necessary in the interests of justice. 11th Cir. R. 3-1.

On receipt of objections, a United States District Judge will review *de novo* those portions of the report and recommendation to which specific objection is made and may accept, reject, or modify in whole or in part, the undersigned's findings of fact and recommendations. The district judge also may refer this action back to the undersigned with instructions for further proceedings.

The petitioner may not appeal the magistrate judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. The petitioner may only appeal from a final judgment entered by a district judge.

DONE this 7th day of January, 2022.

**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE