UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| QUADARRIUS COHILL, | ) |
| Petitioner, | ) |
| v. | ) Case No.: 1:21-cv-00673-MHH-JHE |
| JIMMY KILGORE, et al., | ) |
| Respondents. | ) |

**MEMORANDUM OPINION**

On January 7, 2022, the magistrate judge entered a report in which he recommended that the Court dismiss petitioner Quadarrius Cohill's § 2254 petition for writ of habeas corpus without prejudice for failure to exhaust state remedies. (Doc. 9). Mr. Cohill has objected to the report and recommendation. (Doc. 10). In his objections, Mr. Cohill explains that he did not exhaust his state court remedies, and he did not respond when the magistrate judge offered him an opportunity to oppose the defendants' request for summary disposition in this case, (Doc. 8), because he did not receive his mail in time to respond. (Doc, 10, p. 3).[1] Beyond

---

[1] Mr. Cohill filed objections to the Magistrate Judge's report and recommendation within the 14 days permitted for objections. (Docs. 9, 10). As the Magistrate Judge noted in his report, Mr. Cohill filed his federal habeas petition on May 10, 2021, a few days after he filed a petition for a writ of certiorari in state circuit court to request review of the decision of the Alabama Board of Pardons and Parole in his case. (Doc. 9, pp. 2-3). There is language in Mr. Cohill's state court docket sheet that indicates that some of the mail sent to Mr. Cohill was returned and that his address

that procedural argument, Mr. Cohill directs his objections to the merits of his request for relief from the custodial period imposed when his state probation was revoked. (Doc. 10, pp. 1-3).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district judge must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* FED. R. CRIM. P. 59(b)(3) ("The district judge must consider *de novo* any objection to the magistrate judge's recommendation."). A district court's obligation to "'make a de novo *determination* of those portions of the report or specified proposed findings or recommendations to which objection is made,'" 447 U.S. at 673 (quoting 28 U.S.C. § 636(b)(1)), requires a district judge to "'give *fresh consideration* to those issues to which specific objection has been made by a party,'" 447 U.S. at 675 (quoting House Report No. 94-1609, p. 3 (1976)). *United States v. Raddatz*, 447 U.S. 667 (1980) (emphasis in *Raddatz*).

In his objections, Mr. Cohill acknowledges that he did not exhaust his available state court remedies. (Doc. 10, p. 3). Therefore, the Court may not

---

eventually was changed. (Doc. 9-2, p. 1).

2

consider his § 2254 habeas petition. *Dill v. Holt*, 371 F.3d 1301 (11th Cir. 2004). If mail delays impacted Mr. Cohill's effort to exhaust his state remedies, Mr. Cohill may bring the delay to the attention of the state court.

On the record before it, by separate order, the Court will dismiss this § 2254 habeas petition without prejudice for failure to exhaust state remedies.

**DONE** and **ORDERED** this January 31, 2022.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE